IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TODD M. LEVENTHAL, BAR NO. 8543.

No. 83245

FILED

JUN 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____S. Young_____
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Todd M. Leventhal be suspended for one year, stayed for five years subject to certain conditions, based on two violations of RPC 1.8(a) (conflict of interest: current clients: specific rules).[1]

As an initial matter, Leventhal argues the hearing panel erred by denying his motion for summary judgment after one of the two subject clients withdrew his grievance. Attorney "disciplinary proceedings are generally treated as civil actions." *In re Discipline of Arabia*, 137 Nev., Adv. Op. 59, 495 P.3d 1103, 1109 (2021). In a civil action, summary judgment is appropriate "when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (internal quotation marks omitted). Because the State Bar has a duty to proceed with a disciplinary action after the withdrawal of a client grievance if warranted, SCR 107, and the record supports that a genuine issue of material fact remained disputed

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

 
22-19330

as to whether Leventhal violated RPC 1.8(a),[2] we conclude the hearing panel properly denied Leventhal's motion. *Cf. GES, Inc. v. Corbitt*, 117 Nev. 265, 268, 21 P.3d 11, 13 (2001) (explaining that while a denial of a summary judgment is not independently appealable, this court can review it de novo in an appeal brought from the final judgment).

As to the challenged disciplinary recommendation, the State Bar has the burden of showing by clear and convincing evidence that Leventhal committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We conclude that the panel's findings of fact regarding only one violation of RPC 1.8(a) is supported by substantial evidence and not clearly erroneous. *See* SCR 105(3)(b); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). Substantial evidence supports the panel's conclusion that Leventhal borrowed a client's personal vehicle for more than one year without obtaining a conflict of interest waiver and failed to return the vehicle after numerous requests by the client, which forced the client to rent a vehicle for his own use. However, substantial evidence does not support the panel's finding that Leventhal violated RPC 1.8(a) in relation to his acceptance of stolen property as collateral from a second client.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In

---

[2]The evidence included copies of text messages the client sent to Leventhal. After the disciplinary hearing, Leventhal raised questions as to whether some text messages were missing, thus providing an incomplete history of the transaction underlying the disciplinary complaint. When he moved for summary judgment, however, Leventhal did not assert any inaccuracy with the text message evidence.

determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Leventhal knowingly violated a duty owed to his client (failure to avoid conflicts of interest). The client suffered actual harm because he was without his personal vehicle for over a year. The baseline sanction for Leventhal's misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client."). The panel found and the record supports five aggravating circumstances (prior discipline,[3] dishonest or selfish motive, pattern of misconduct, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law) and one mitigating circumstance (full and free disclosure to the disciplinary authority or cooperative attitude toward proceeding). Because we conclude that only one of the violations found by the panel is supported by substantial evidence, we conclude the panel's recommended discipline is too harsh.

Accordingly, we hereby suspend attorney Todd M. Leventhal from the practice of law for six months, stayed for five years subject to the

---

[3]This factor is particularly aggravating, as Leventhal's prior discipline also involved a violation of RPC 1.8(a), in which Leventhal accepted personal and real property as payment from a client and then tried to evict the client from the real property while he was still representing her.

following conditions: (1) Leventhal must complete one additional hour of Continuing Legal Education (CLE) credit in ethics and one additional hour of CLE credit in law practice management every year during the stayed five-year term; and (2) Leventhal must not receive a public reprimand or worse during the five-year term. Additionally, Leventhal shall pay the costs of the disciplinary proceeding, including $2,500 mandated by SCR 120(3), within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc: Chair, Southern Nevada Disciplinary Board
Lipson Neilson P.C.
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

